Filed 5/10/21  In re N.T. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re N.T., a Person Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. S.G., Defendant and Appellant. | B308062 (Los Angeles County Super. Ct. No. 20CCJP01833A) |

APPEAL from orders of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Affirmed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court found a mother was likely to return to her violently abusive companion Alejandro. The mother's minor son watched Alejandro attack her. She told the Department of Children and Family Services this time would be different: she left Alejandro seven months ago and now it was final. The Department, the child's counsel, and the juvenile court did not believe her. Substantial evidence supports their skepticism. We affirm. Citations are to the Welfare and Institutions Code.

## I

The mother's son was born in early 2013 and was age seven at the dependency hearing. The juvenile court found jurisdiction over this boy and ordered physical custody for the boy's biological father, who is not involved in this appeal. The order granted the mother joint legal custody and supervised visitation. The court then terminated its jurisdiction.

The violence of Alejandro was the problem in this case. Alejandro is not the boy's father. The mother was in an intimate but off-and-on relationship with Alejandro for three and a half years. He abused the mother while her son was present. The mother was not violent.

Alejandro's violence affected the boy. The child tried to defend his mother against Alejandro. During one attack, Alejandro hurt the boy's finger in a door frame. The boy's behavior became explosive, leading to school concern about his temperament. The boy consequently was in counseling. Since being away from the mother and Alejandro, the boy calmed down. His conduct improved.

At an April 3, 2020 detention hearing, the mother's attorney admitted "there's a prima facie basis to detain at this

2

point.  [The mother has] been very open and honest about the mistakes that she's made."  The attorney argued, however, that the mother now had left Alejandro for good.

The court found the Department had met its burden of proof concerning detention from the mother, noting "this situation has been going on for quite some time.  It was a criminal protective order in place due to an incident in 2018.  The boyfriend is acknowledged to have a pretty serious drinking problem, which does not cause domestic violence but it does increase its level of danger.  And mother was found to be residing with the boyfriend [Alejandro].  In fact, she didn't have housing of her own.  She was residing—she was relying on him for housing despite the fact that this criminal protective order was still in place."

The court found the Department had shown there was no point in putting a safety plan in place.  "That was basically what was already in place that mother chose not to follow . . . she had an order protecting her from contact with this person [Alejandro], and [instead] she chose to reside with him."  The court ordered monitored visitation for the mother and released the boy to his father pending trial.

On September 24, 2020, the juvenile court adjudicated the case.  The Department acknowledged the mother claimed she had ended her relationship with Alejandro, but it said "her words cannot fully be trusted given her history over the last two years of getting back together with Alejandro."  The Department saw progress but argued it was recent, "especially in light of mother's long and noted history of going through the motions and then getting back together with her male companion, [Alejandro]."

The minor's counsel joined with the Department's position.

3

The mother's attorney argued seven months had passed since the last contact with Alejandro, the mother was no longer in a relationship with him, and she had no intention of reuniting. This attorney said the mother was doing well in her domestic violence program and parenting classes and had been participating in individual counseling.

The court rejected the mother's position and found the allegations against her were true. It ruled the son was a person described by section 300. The court based its findings on the fact that the son for two years had been enduring "a very troubling relationship" between his mother and Alejandro. The court found it very likely that, if the child were to remain in his mother's care, "he would be subjected to continuous harm." The court spoke of the mother's "on-and-off relationship" with Alejandro.

The court likewise found clear and convincing evidence the boy faced a substantial danger if he returned to his mother's home; thus the court granted father sole physical custody. The parents were to share joint legal custody, with monitored visitation for the mother. The court terminated its jurisdiction.

## II

We affirm.

## A

The parties agree we review the trial court's factfinding for substantial evidence. We accept all evidence supporting the trial court's order and disregard contrary evidence. We draw reasonable inferences in favor of the judgment. We do not reweigh evidence. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.)

A higher standard governs review for dispositional orders removing a child, which is whether the record contains

substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true. (See *In re V.L.* (2020) 54 Cal.App.5th 147, 149, 155.)

B

The mother challenges the juvenile court's rulings by claiming Alejandro is the only source of violence and he now is permanently out of the picture. The court rejected the mother's hopeful promise. Five facts support this credibility determination.

1

The mother previously reversed her decision to be done with Alejandro, who abused her in March 2018. Alejandro was drunk, he suspected infidelity, and he got angry. The mother's son tried to intervene twice to protect his mother, but Alejandro twice pushed him away. The boy fell to the floor. Mother verbally reacted; then Alejandro put his hand over her mouth and braces, making her mouth bleed. She tried to grab her cellphone, but Alejandro got on top of her. She told her son to get help. To stop the boy from going for help, Alejandro tried to close a door and ended up smashing the boy's finger in it.

As a result, Alejandro suffered convictions for domestic violence and for willful cruelty to a child. The court also entered a three-year restraining order prohibiting Alejandro from being near the mother or son.

The mother had no contact with Alejandro for several months. Then she called him. At first, she saw him when her son was not present. As time passed with no new incidents, she felt it was okay for her son to be present. The mother and son eventually moved in with Alejandro. These actions violated the restraining order.

2

The mother concealed her relationship with Alejandro.

In January 2020, police arrested Alejandro for violating Penal Code section 422 (intent to terrorize) and for violation of a restraining order. The mother claimed she had ended things with Alejandro. Mother tried church counseling with him; the counselor recommended they separate, but she wanted to save her relationship with Alejandro.

The mother kept Alejandro's things hidden outside her residence, on the fire escape or in the alley. The mother falsely denied Alejandro owned these things.

3

The mother minimized Alejandro's continuing violence against her.

On February 16, 2020, the mother and Alejandro drank and argued. Alejandro punched the mother's face and stomach. The boy ran out of the apartment for help. Alejandro ran to the roof. Police arrived with a helicopter. Alejandro resisted. Police tased him, hit him with batons, and arrested him.

The mother denied Alejandro was physically violent on this day. She said Alejandro was drunk. According to the mother, Alejandro suddenly grew angry. She was terrified and asked her son to get help while she called 911. The mother claimed Alejandro ran to the roof of the building only because he was scared.

The Department investigated police logs and concluded Alejandro's violence was not limited to two events we have just described—one in March 2018 and the other in February 2020— but rather were "consistently ongoing." The mother and Alejandro appeared "to have a dynamic that involved a cycle of

6

domestic violence that involved an altercation, reconciliation, a call to the police by [the mother] reporting violation of a restraining order by [Alejandro], [the mother] bailing [Alejandro] out from jail only, reconciliation followed by another altercation."

### 4

The mother spoke inconsistently about whether Alejandro had contacted her after he beat her on February 16, *2020*. First she said police arrested Alejandro but that he posted bail and was released after three days. When asked how she knew that, the mother "changed her statement" and said Alejandro called her after the *2018* episode.

### 5

The mother claimed her son "loves" Alejandro. The son, however, said "he does not like anything about Alejandro," who "is mean to mom, he hit mom, and he smashed my finger."

### C

The record contains substantial evidence from which a reasonable fact finder could have found it highly probable that the mother would return to Alejandro and to the risk of violence this man posed to her and to her son.

## DISPOSITION

We affirm.

WILEY, J.

We concur:

BIGELOW, P. J.

GRIMES, J.